IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD RUEL et al., | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| VS. | ) CASE NO. 22-cv-228-DWD |
| | ) |
| FIRST ILLINOIS BANCORP, | ) |
| INC. et al., | ) |
| | ) |
| DEFENDANTS. | |

## ORDER

**DUGAN, District Judge:**

This matter is before the Court for case management. Plaintiff Richard Ruel, proceeding *pro se* after paying the full filing fee, filed the instant civil rights action on behalf of himself and three other litigants, Metro Chamber of Commerce, Rashee Ali, and Ulice Jordan. Plaintiffs' Complaint alleges discrimination in the application process for loans and grants in violation of Title VII of the Civil Rights Act of 1964 and the Community Reinvestment Act, 12 U.S.C. § 2901. Plaintiffs direct claims against Defendants M. Leon Hall and First Illinois Bankcorp, Inc. dba Lindell Bank (collectively, "Lindell Bank Defendants"), and Defendant BKD, LLP, incorrectly named as "BKD Advisors" ( hereinafter, "BKD").

Lindell Bank Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 7, 2022 (Doc. 16), and BKD filed a motion to dismiss pursuant to Rule 12(b)(6) on April 8, 2022 (Doc. 19). On April 25, 2022, Ruel filed a response to the pending motions to dismiss (Doc. 21) asking that the complaint not be

dismissed because, as a *pro se* litigant, he did not fully understand the legal implications of filing a civil rights complaint. Additionally, Ruel seeks leave to file a First Amended Complaint.

First, leave of court to file an amended complaint is not required. As noted above, a motion to dismiss pursuant to Rule 12(b)(6) was filed on April 7, 2022. Under Rule 15(a)(1)(B), Plaintiff may file an amended complaint once as a matter of course up to and including April 28, 2022. FED. R. CIV. P. 15(a)(1)(B). Ruel, however, has not provided the Court with an amended complaint, and it is possible that he will not be able to file an amended complaint by April 28, 2022 (tomorrow). Accordingly, considering Ruel's *pro se* status, and in the interest of efficiency, the Court **ORDERS** as follows:

- Plaintiff is granted leave to file a First Amended Complaint on or before May 18, 2022.
- In filing his First Amended Complaint, Ruel should be aware of the following:
    - Ruel, as a *pro se* litigant, cannot bring this lawsuit on behalf of other litigants without the assistance of counsel. *See* e.g., *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). Accordingly, the First Amended Complaint should only bring claims on behalf of Ruel.
    - The First Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).
    - A successful complaint generally alleges "the who, what, when, where, and how …" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who

        violated Ruel's constitutional rights, include a description of how his rights were violated, and disclose when that violation took place.

- If Ruel timely files his First Amended Complaint, Defendants pending motions to dismiss will be denied as moot, with leave to refile.

- If Ruel fails to file a First Amended Complaint, the Court will consider Ruel's original complaint to be controlling, and Defendants' motions to dismiss will be decided.

**SO ORDERED.**

Dated: April 27, 2022

                                              DAVID W. DUGAN
                                              United States District Judge