IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD RUEL,** *et al.* | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | )    Case No. 22-cv-228 <br> ) |
| **FIRST ILLINOIS BANCORP, INC.,** *et al.* | ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendants M. Leon Hall and First Illinois Bancorp, Inc. dba Lindell Bank (collectively, "Lindell Bank Defendants") (Doc. 26) and a motion to dismiss filed by Defendant FORVIS, LLP f/k/a BKD, LLP, incorrectly named as "BKD Advisors" (hereafter, "BKD") (Doc. 27).

The Court granted several extensions to allow Plaintiff Richard Ruel to retain counsel to assist him in responding to the pending motions (Docs. 29, 31, and 33). On August 4, 2022, the Court directed Plaintiff to file a response to the motions to dismiss on or before September 19, 2022. Plaintiff was advised that a failure to file a response by this deadline may, in the Court's discretion, be considered an admission of the merits of the motions (Doc. 33). *See* SDIL-LR 7.1(c). Plaintiff failed to timely respond. Instead, on September 19, 2022, Plaintiff filed a motion asking to be referred to the Court's mandatory

1

mediation program (Doc. 35). He also filed a "supplement" to his First Amended Complaint (Doc. 36). For the reasons that follow, the motions to dismiss are **GRANTED**.

## I.   BACKGROUND

Plaintiff initially filed this lawsuit *pro se*, paying the full filing fee, on behalf of Metro Chamber of Commerce, Rasheed Ali, and Ulice Jordan on February 9, 2022. (Doc. 2). Defendants filed motions to dismiss on April 7th and 8th, 2022. (Docs. 16 and 19). Thereafter, Plaintiff filed a response to the motions, asking that the complaint not be dismissed because, as a *pro se* litigant, he did not fully understand the legal implications of filing a civil rights complaint. (Doc. 21). Additionally, Plaintiff sought leave to file a First Amended Complaint. (Doc. 21).

The Court directed Plaintiff to file a First Amended Complaint on or before May 18, 2022. (Doc. 22). The Court further stated that, when drafting his amended complaint, Plaintiff should be aware of the following:

> Ruel, as a *pro se* litigant, cannot bring this lawsuit on behalf of other litigants without the assistance of counsel. *See* e.g., *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). Accordingly, the First Amended Complaint should only bring claims on behalf of Ruel.
>
> The First Amended Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).
>
> A successful complaint generally alleges "the who, what, when, where, and how …" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated Ruel's

2

> constitutional rights, include a description of how his rights were violated, and disclose when that violation took place.

(Doc. 22, pp. 2-3). The Court also denied Plaintiff's request for appointment of counsel (Doc. 23).

On May 18, 2022, Plaintiff filed a First Amended Complaint (Doc. 24). The caption of the First Amended Complaint lists himself as the plaintiff and First Illinois Bancorp, Inc. D/B/A Lindell Bank, BKD Advisors, LLP, and M. Leon Hall as defendants. The statement of claim, in its entirety, provides as follows:

> Plaintiff alleges his company Metro Chamber of Commerce a Non-Profit and its affiliate Heritage Investments Capital, LLC a for profit company was denied a request for bank participation on three occasions by Mr. Leon Hall/Owner and senior loan officer. The first offence occurred 8/2014 for $1.5 Million, second 7/2019 again for $1.5 Million and third offence occurred 1/14/2022.

(Doc. 24, p. 5). Plaintiff further claims that the above-described conduct violated the Civil Rights Act of 1866. Plaintiff seeks $120,000,000 in compensatory damages, $120,000,000 in punitive damages, and equitable relief directing defendants to allow "Plaintiff to fulfillment of Qualified Equity Investment into his Certified Development Entity (CDE) to gain access to Development that include tax credits, energy tax credits, opp[o]rtunity [z]one investments." (Doc. 24, p. 6).

Defendants filed motions to dismiss the First Amended Complaint on June 1, 2022 (Docs. 26 and 27). The motions cite the Plaintiff's inability to bring a suit on behalf of others given his status as a *pro se* litigant as well as the limited details and conclusory remarks in Plaintiff's Amended Complaint as bases for dismissal under Federal Rules of

Civil Procedure 12(b)(6). Defendants also contend that dismissal is warranted under Local Rule 7.1(c).

On June 14, 2022, Plaintiff filed a Motion for Extension of Time (Doc. 28), stating that he was in the process of retaining an attorney and requesting a 90-day extension to respond to the motions to dismiss. The Court granted the request in part and stayed the case for 30 days to allow Plaintiff the opportunity to hire an attorney. Plaintiff filed a second Motion for Extension of Time on July 19, 2022, stating he was still attempting to retain an attorney. (Doc. 30). The Court gave Plaintiff an additional 14 days to obtain counsel (Doc. 31). On August 2, 2022, Plaintiff filed a third motion seeking an extension (Doc. 32). The Court denied Plaintiff's third request for an extension and directed him to respond to the pending motions on or before September 19, 2022. (Doc. 33). The Court also warned Plaintiff that a failure to timely respond may, in the Court's discretion, be considered an admission on the merits of the motions. *Id. See also* SDIL-LR 7.1(c). Instead of responding to the motions, Plaintiff filed a response to the Court's previous order and requested that he be placed into the *Pro Se* Mediation Program. (Doc. 35).

## II. Applicable Authority

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.,* 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds

4

upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.* The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id.* at 555. In *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), the Supreme Court emphasized two underlying principles in *Twombly* : first, that legal conclusions stated in a complaint are not entitled to the assumption of truth reserved to factual allegations; and second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). Factual plausibility exists when a plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" a defendant's liability "stop short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 544 U.S. at 557).

### III. Discussion

Local Rule 7.1(c) of this District provides that failure to respond to a dismissal motion "may, in the court's discretion, be considered an admission of the merits of the motion." In the instant case, the Court deems Plaintiff to have admitted the merits of the pending motions to dismiss. However, even if the Court opted to ignore Plaintiff's failure to respond, a merits-based review of the pending motions yields the same result- Plaintiff's First Amended Complaint is due to be dismissed.

The First Amended Complaint alleges discrimination in the application process for loans and grants, and claims that Defendants' conduct violated the "Civil Rights Act of 1866." Although Plaintiff names only himself as a plaintiff in the case, the body of the complaint does not allege any claims on behalf of Plaintiff. Instead, Plaintiff asserts claims on behalf of his company, Metro Chamber of Commerce, and its affiliate Heritage Investments Capital, LLC. As the Court previously explained, however, a nonlawyer cannot bring claims on behalf of anyone except himself. *See* e.g., *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013).

The Complaint is also subject to dismissal for failure to comply with federal pleading requirements. In a barebones fashion, Plaintiff alleges that "Mr. Leon Hall" unlawfully denied "requests" by his company and its affiliate for "bank participation." But like the original complaint, the First Amended Complaint provides no additional details regarding these alleged "requests" for "bank participation." For example, the First Amended Complaint does not allege that Plaintiff, his company, or its affiliate, ever

properly submitted a completed applications for these "requests" for "bank participation." Further, the First Amended Complaint does not include any allegations directed against First Illinois Bankcorp or BKD. A plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption. *See Collins v. Kibort,* 143 F.3d 331, 335 (7th Cir. 1998). In short, Plaintiff has not set forth facts that would place Defendants on notice of the claims against them. As such, the First Amended Complaint fails to comply with the pleading requirements of Rule 8 and the directions provided by the Court on April 27, 2022.

Additionally, Plaintiff has failed to state a claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981. "Section 1981 provides a federal remedy against racial discrimination in private employment." *McCurry v. Kenco Logistics Servs.,* LLC, 942 F.3d 783, 789 (7th Cir. 2019). Plaintiff, however, does not allege that he (his company or its affiliate) had any sort of employment relationship with any of the Defendants. Absent an employment relationship, the section 1981 claims are not cognizable as a matter of law. *Id.* at 789-90. *See also General Bldg. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 392 (1982).

For these reasons, Plaintiff's First Amended Complaint will be dismissed without prejudice for failure to state a claim. Because this is Plaintiff's second attempt to file a viable complaint and because the Court finds that amendment would be futile, Plaintiff will not be given another opportunity to amend his complaint. *See Zimmerman v. Bornick,* 25 F.4th 491, 493-94 (7th Cir. 2022) (a district court has discretion to deny leave to amend if an amendment would be futile or unwarranted).

7

## Conclusion

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failure to state a claim. This Order resolves all claims against all parties. Accordingly, the Clerk of Court is **DIRECTED** to enter judgment accordingly and to **CLOSE** this case. In light of this dismissal, and because Plaintiff has already paid the filing fee for this action, Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 39), is **DENIED** as moot.

SO ORDERED.

Dated: January 18, 2023

DAVID W. DUGAN
United States District Judge